(No. 33138.—)

The People of the State of Illinois, Defendant in Error, *vs.* Donald Lueder, Plaintiff in Error.

*Opinion filed September 23, 1954.*

Francis T. McCurrie, of Chicago, (John T. Duffy, and John M. Branion, of counsel,) for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and Robert Zadek, all of Chicago, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Following a trial in the criminal court of Cook County without a jury, Donald Lueder, plaintiff in error, was adjudged guilty of burning a building and sentenced to the penitentiary for a term of one year to one year and a day. He prosecutes this writ of error contending, first, that the court erroneously admitted a tape or wire recorded confession into evidence without proper foundation and, second, that there was no proof of the *corpus delicti* other than his alleged confession.

Adverting to the contention last made, we find from the record that the entire proof against plaintiff in error consisted of his alleged confession and the testimony of one Thomas which, in substance, was that he was president of the Forest Home Cemetery; that plaintiff in error was employed there in July, 1952; and that on July 12, 1952, a tool shed on the cemetery grounds was gutted by fire. Plaintiff in error contends that such evidence is not sufficient to prove the *corpus delicti* while the People argue to the contrary.

The law controlling the issue, which has been stated many times in decisions ranging from *Bergen* v. *People,* 17 Ill. 426, to *People* v. *Gavurnik,* 2 Ill. 2d 190, is aptly summarized in *People* v. *Nachowicz,* 340 Ill. 480, at page 495, as follows: "While it has been held that a defendant's confession, when the *corpus delicti* is not otherwise proved, is insufficient for a conviction, this does not mean that the *corpus delicti* must be proved by the evidence, aside from the confession, beyond a reasonable doubt. On the contrary, it was early held that it is the mere naked confession, uncorroborated by any circumstance inspiring belief in its truth arising out of the conduct of the accused or otherwise, which is held insufficient to convict, and the corroborating fact or facts in proof need not necessarily, independent of the confession, tend to prove the *corpus delicti.* (*Bergen* v. *People,* 17 Ill. 426.) Direct and positive evidence is unnecessary to prove the *corpus delicti,* (*Campbell* v. *People,* 159 Ill. 9,) and it is not essential that it should be established by evidence independent of that which tends to connect the accused with its perpetration. The same evidence which tends to prove one may also tend to prove the other, so that the existence of the crime and the guilt of the defendant may stand together inseparable on one foundation of circumstantial evidence. (*Carroll* v. *People,* 136 Ill. 456.) The crime being clearly shown, independently of admissions or confessions, to have

been committed by some person, the admissions or confessions freely or voluntarily made may be considered in connection with the other evidence to establish the *corpus delicti,* and it is sufficient if evidence of other facts and circumstances so fully corroborates the confession as to show the commission of the offense beyond a reasonable doubt. *Gore* v. *People,* 162 Ill. 259; *People* v. *Hein,* 315 id. 76." See also: *People* v. *Davis,* 358 Ill. 617; *People* v. *Henderson,* 378 Ill. 436; *People* v. *Brown,* 379 Ill. 262; *People* v. *Franklin,* 415 Ill. 514. Further, it is stated in *Bergen* v. *People,* 17 Ill. 426, at 429, and the principle is adhered to in the cited cases, that the evidence corroborating the confession "must consist of facts or circumstances, appearing in evidence, independent of the confession, and consistent therewith, tending to confirm and strengthen the confession."

When the prosecution rested its case against plaintiff in error in this proceeding, the only evidence independent of the confession was the testimony of Thomas that a cemetery building had been gutted by fire and that plaintiff in error was a cemetery employee at the time. Inasmuch as the *corpus delicti* consists of two elements: (1) That a certain result occurred, in this case the burning of a building; and (2) that some person is criminally responsible for the act, (*Carlton* v. *People,* 150 Ill. 181; 14 Am. Jur., Criminal Law, sec. 6,) it may be seen that the independent evidence tends to establish only that a building burned. There is nothing, save the confession alone, which suggests or tends to corroborate the element that some person wilfully fired the building. Therefore, in the absence of any evidence independent of the confession clearly showing a crime to have been committed by some person and in the further absence of evidence of other facts or circumstances so fully corroborating the confession as to show the commission of the offense beyond a reasonable doubt, the rule that the *corpus delicti* cannot

be proved by the confession of a defendant alone must be applied.

Since this cause must be reversed for this essential failure of proof, the assignment of error with reference to an improper foundation being laid for the alleged confession need not be considered. Such action is not to be construed, however, as passing upon the propriety of tape or wire recorded confessions for until the cause is retried and the *corpus delicti* sufficiently established, questions pertaining to the alleged confession are moot. Apart from this, we may consider the fact that the objections now raised to the foundation evidence will be met upon retrial.

The judgment is therefore reversed and the cause remanded to the criminal court of Cook County for a new trial.

*Reversed and remanded.*