(No. 36458.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ENACIO PERFECTO, Plaintiff in Error.

*Opinion filed November 30, 1962.*

DONALD COHEN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Rudolph L. Janega, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Underwood delivered the opinion of the court:

Defendant, Enacio Perfecto, was found guilty of forcible rape in a bench trial in the criminal court of Cook County and sentenced to 20 years imprisonment in the penitentiary. He brings the record here for review alleging, as the sole error, that proof of the *corpus delicti* was insufficient in that it consisted solely of his uncorroborated extrajudicial admissions and confessions.

The rule is that an uncorroborated confession is insufficient to convict, but the *corpus delicti* is not required to be proved beyond a reasonable doubt exclusively by evidence *aliunde* the confession or admissions of the accused, nor is it necessary that it be established by evidence other than that which tends to connect the defendant with the crime. (*People* v. *O'Neil,* 18 Ill.2d 461 *People* v. *Franklin,* 415 Ill. 514; *People* v. *Brown,* 379 Ill. 262.) "The true rule is that if there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with the circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case. (*People* v. *Borrelli,* 392 Ill. 481.) The same evidence may be used to prove both the existence of the crime and the guilt of the defendant, the test being whether the whole evidence proves the facts that a crime was committed and that the accused committed it. *People* v. *Brown,* 379 Ill. 262." *People* v. *Gavurnik,* 2 Ill.2d 190, at 194.

Here we have an abundance of evidence corroborating the 32-year-old defendant's statements and confessions in which he related visiting the room of his 75-year-old victim twice on the evening in question, beating her into insensi-

bility when she resisted his advances and having intercourse with her. Independent confirmation of these facts is found in the testimony of the witness Quintella, an acquaintance of defendant who stopped in defendant's hotel room for a drink about the time the offense was committed. Quintella testified defendant left the room and returned later holding a handkerchief to his face. Subsequently the witness left the room and returned to find defendant again gone. Quintella then went to the washroom and noticed the lights in the victim's room go on and off and the door shake. He stood in the hallway watching the door and saw defendant come out a short time later. This witness saw scratches on defendant's left shoulder, and a bite on his right shoulder. There was a red smear on the wall of the room where the offense occurred, papers all over the floor and blood was flowing from the victim when she was removed on a stretcher. She was badly bruised and had a broken collarbone.

The evidence here, taken as a whole, leaves no doubt that a rape was committed and that defendant committed it.

The judgment of the criminal court of Cook County is therefore affirmed.