**People of the State of Illinois, Appellee, v. Viola Ann Pry, Alias Jane Doe, Appellant.**

Gen. No. 65–90.

Third District.

September 21, 1966.

STOUDER, J., dissenting.

Rubelle & Pratt, of Peoria, for appellant.

George R. Kennedy, State's Attorney, of Peoria, for appellee.

CORYN, P. J.

Following a trial without a jury, Viola Ann Pryor (a/k/a Viola Ann Pry) was convicted of being a keeper of a house of prostitution in violation of Ill Rev Stats, ch 38, § 11–17 (1965) and was thereafter sentenced to the Illinois Women's Reformatory for the term of one year. Two other women, arrested with the defendant on the premises at 409 Aiken Street in Peoria, were charged with prostitution in violation of Ill Rev Stats, ch 38, § 11–14 (1965), were tried with defendant at a consolidated hearing and were acquitted. Viola Ann Pryor prosecutes this appeal claiming that there was no proof of the corpus delicti other than extrajudicial admissions allegedly made by her, and that in the absence of proof independent of such admissions, establishing that a crime was in fact committed, her conviction cannot stand.

We agree that no act of prostitution violative of Ill Rev Stats, ch 38, § 11–14 (1965) was proved, but we

also conclude that proof of a violation of that section is not essential to sustain a conviction under § 11–17. The crime of which defendant is convicted is that of granting to others the use of premises in her control under circumstances showing her awareness that the place was to be used for prostitution.

All of the evidence adduced at the trial of this cause came from the testimony of Ray W. Trunk, Sheriff of Peoria County, the sole witness called by the prosecution. The defendant produced no evidence. Sheriff Trunk's testimony consisted of three types of evidence, that is, his observation of what occurred on May 28, 1965, when he visited the premises at 409 Aiken Street; his recollection of the oral statements made to him by Barbara Ray and Holly Fontaine; and his recollection of the oral admissions made to him by the defendant.

Sheriff Trunk testified that Barbara Ray and Holly Fontaine signaled him through the window of the premises at 409 Aiken Street to come into the building. He entered, and in addition to the two girls, found the defendant. The three women were taken to the county jail where they were questioned by Trunk. He testified that Holly Fontaine stated that "she had been there a few days and was working as a prostitute at 409." Barbara Ray told the Sheriff that she had been at 409 Aiken Street one day and was working there as a prostitute. Trunk testified that the defendant admitted to him that she and her husband were the sole proprietors of 409 Aiken Street, and "that they had been working at prostitution."

The Sheriff's observations just prior to and at the time of the arrest, as well as the oral statements made to the Sheriff by Barbara Ray and Holly Fontaine, constitutes evidence, independent of the defendant's admissions to him, that the defendant gave use of her

premises under circumstances showing she must have known that the place was being occupied by persons who intended to use it for purposes of prostitution. People v. Berger, 284 Ill 47, 119 NE 975.

█ We are satisfied that there is sufficient proof aliunde defendant's statement to corroborate and inspire belief in the truth of her admissions that she was engaged, at her premises, in the business of prostitution. The conviction here, unlike that in People v. Lueder, 3 Ill 2d 487, 121 NE2d 743, upon which defendant relies, does not rest on a mere naked confession. The judgment of the Magistrate is accordingly affirmed.

Affirmed.

ALLOY, J., concurs.

DISSENTING OPINION

STOUDER, J.

I cannot agree with the majority opinion. While there need not be proof of an act of prostitution to sustain a conviction under section 11–17, chap 38, Ill Rev Stats 1965, the elements of the offense as outlined by said section 11–17 must necessarily be proved and cannot be proved solely by Defendant's admissions or confession. People v. Lueder, 3 Ill2d 487, 121 NE2d 743. The elements of this offense are (1) that Defendant must have or exercise control over the premises; (2) the premises must be such as to offer seclusion or shelter for the practice of prostitution; and (3) that the above conditions must exist in conjunction with one or more of the following, (a) actual knowledge of the purpose intended or (b) constructive knowledge of the purpose intended or (c) continued use after actual or constructive knowledge of the actual use.

106

In the instant case the only evidence contained in the record is the testimony of one witness who purported to testify as to the acts leading up to Defendant's arrest and certain alleged admissions. From his testimony, it is possible with considerable difficulty to glean the following facts independent of Defendant's admissions: 1. That he was invited to enter the premises in question by either or both of two women, neither of whom was the Defendant, and that he did so enter. 2. That he found the Defendant on the premises in a different room. 3. That he informed Defendant he was arresting the two women for "prostitution" and 4. That at some time at some place the two women stated that they were prostitutes. Nowhere does the record show for what purpose the witness was invited to enter. Little if any value can be ascribed to the testimony of the witness concerning admissions. Despite repeated objections by defense counsel, admonitions by the court and the efforts of the Assistant State's Attorney, the testimony of the witness was unresponsive to the questions asked and did not purport to relate actual conversations, the substance, or the time and place thereof. The best that can be said of the testimony is that in the opinion of the witness, one woman admitted to being a prostitute and to living at the address in question for one day and the other to being a prostitute and living at the premises for a few days. The record is devoid of any evidence, aside from the claimed admissions of Defendant, that the latter knew or should have known that there was any activity or conduct within or on the premises from which she should reasonably infer that the premises were being used for prostitution or that she continued to allow the use of the premises for purposes of prostitution with actual or constructive knowledge of such use.

In addition, the record is likewise devoid of evidence of Defendant's control of the premises in question aside

from Defendant's purported admissions. That this exercise of control is essential has been declared by this court in People v. Taylor, 57 Ill App2d 343, 206 NE2d 121.

Lacking any competent evidence as to two of the three essential elements of this offense, we are left with a conviction for being present in a place which *could* offer seclusion or shelter for the practice of prostitution.