**The People of the State of Illinois, Plaintiff-Appellee, v. Marshall T. Haehnel, Defendant-Appellant.**

**Gen. No. 50,986.**

First District, First Division.

December 8, 1966.

Herbert F. Friedman, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. James Gildea, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Marshall T. Haehnel, was charged with driving a motor vehicle while under the influence of intoxicating liquor. He waived a jury trial and on being found guilty by the court, was assessed a fine of One Hundred Dollars ($100). On appeal he contends that the State failed to prove the corpus delicti of the crime.

On May 15, 1965, at approximately 7:00 p. m., Officer James McGrath responded to an accident call in the vicinity of 3603 North Olcott. He testified he saw a damaged vehicle there and that the owner, Mr. Rountree, stated, in the presence of the defendant, that the parked car had been hit by another car when he was in the house,

that he and his son came out, and his son went after the car which had failed to stop. Officer McGrath said they then went to an undisclosed location where he observed damage to the defendant's car. He then questioned the defendant who told him that he was trying to turn around in the street when he struck the parked vehicle. He said he detected an odor of alcohol and, in his opinion, the defendant was intoxicated. It was stipulated that a breathalyzer test indicated that the defendant's blood contained .210 per cent of alcohol by weight, which is sufficient to support a finding of intoxication. (Ill Rev Stats 1965, c 95½, § 144(b)3.) On cross-examination he said that he did not see the defendant driving that day.

Mr. Rountree testified that two days after the accident the defendant came to his home and told him that "he was parked there by the drugstore on this lot, and he said he pulled out, turned, 'n' if he turned too short or what happened, and he hit the back of the car." He said his car was parked at the curb and he had not seen the defendant driving his car.

The defendant argues that there is no evidence independent of defendant's admission that he was driving a motor vehicle, and therefore the rule that the corpus delicti cannot be proved by the admission of defendant alone must be applied in this case, citing People v. Lueder, 3 Ill2d 487, 121 NE2d 743.

 It is true that a naked, uncorroborated confession is insufficient to convict, but:

> [T]he corpus delicti is not required to be proved beyond a reasonable doubt exclusively by evidence aliunde the confession or admissions of the accused, nor is it necessary that it be established by evidence other than that which tends to connect the defendant with the crime. People v. Perfecto, 26 Ill2d 228, 229, 186 NE2d 258.

73

Direct and positive evidence is not necessary to prove the corpus delicti, People v. Lueder, 3 Ill2d 487, 121 NE2d 743, and the test is whether the entire evidence establishes that a crime was committed and that the accused committed it. People v. Miller, 13 Ill2d 84, 148 NE2d 455. In considering the evidence, fair inferences may be drawn, and requirement that defendant's guilt be proved beyond a reasonable doubt does not mean that the court may disregard the inferences flowing from the evidence before it. People v. Pigrenet, 26 Ill2d 224, 186 NE2d 306.

In the case at bar, the stipulation to the breathalyzer test results showed the defendant to be intoxicated at the time of the accident. It was uncontradicted that Mr. Rountree's parked car was struck by a moving vehicle, and Officer McGrath testified that the defendant's car was also damaged. In the presence of the defendant, Mr. Rountree told Officer McGrath that his car had been hit by another vehicle and that his son chased after the vehicle. In our opinion, the defendant's admission at the scene and again two days later at the Rountree home, that he struck the Rountree car while trying to turn around in the street, when considered with all the other evidence, was sufficient to prove the corpus delicti and the defendant's guilt beyond a reasonable doubt. Consequently the judgment of the Municipal Court of Chicago is affirmed.

Judgment affirmed.

KLUCZYNSKI, P. J. and MURPHY, J., concur.