THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TIMOTHY A. LAMBERT, Defendant-Appellant.

Third District   No. 3—83—0025

Opinion filed January 19, 1984.

HEIPLE, J., dissenting.

Michael E. Brandt, of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Timothy A. Lambert, was charged and convicted of one count of indecent liberties with a child. The indictment charged that he "performed an act of deviate sexual conduct upon ***, a child under the age of 16 years, in that he placed his mouth upon the sex organ of [the child] in violation of par. 11—4(a)(2)" of the Criminal Code of 1961. The defendant appeals his conviction on grounds that the State failed to prove the *corpus delicti*. We reverse.

The State presented the testimony of two witnesses. The first witness was Debbie Carlson, the mother of the victim. At the time in question, the defendant, who was 23 years old, was living as a permanent boarder with the Carlson family. The family consisted of: Mr. Carlson; a daughter; the victim, a four-year-old boy; and herself. Mrs. Carlson indicated that on May 26, 1982, the defendant accompanied the victim and his family to a movie. When they returned home, Mrs. Carlson gave the victim his pajamas. She then observed the victim go

downstairs to the basement. She also observed the defendant go to the basement, where the defendant slept while living with the Carlsons. The victim slept in the basement with the defendant. Approximately two weeks later, Mrs. Carlson observed a pinkish color and swelling around the victim's rectum.

The second witness presented by the State was Peoria Police Officer Conrad Hlavacek. Officer Hlavacek testified that when he observed the victim on June 8, 1982, at Proctor Hospital, he noticed that the victim's anus had a light reddish cast to it, but that since he had no medical training he could not say that what he observed was unusual. The officer also testified to statements given by the defendant on June 8 and 9, 1982. The defendant admitted to Hlavacek that on the date in question, May 26, he went downstairs with the victim. The defendant also admitted to fondling the victim's penis and buttocks, sucking on the minor's penis, and rubbing his penis against the minor's buttocks. The defendant denied that he penetrated the victim's anus. (He was not charged with any offense involving the victim's anus.)

On cross-examination, Officer Hlavacek testified that he took two statements from the defendant prior to the statement testified to on direct examination. In both the earlier statements the defendant denied any sexual activity. According to the statement testified to there was no other sexual activity with the minor before or after the incident of May 26. Following Officer Hlavacek's testimony, the State rested.

The defendant presented no evidence. The jury found the defendant guilty of indecent liberties as charged, and the jury instructions were so limited. The defendant was sentenced to an eight-year term of imprisonment.

Specifically, the defendant was convicted of one count of indecent liberties "in that he placed his mouth upon the sex organ of the victim." On appeal, the defendant argues that the State failed to prove the *corpus delicti* of that offense.

The relationship between a defendant's confession and proof of the *corpus delicti* was set forth in *People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861. In *Willingham,* the Illinois Supreme Court, after stating:

> "The corroboration requirement stems from an attempt to assure the truthfulness of the confession and recognizes that the reliability of a confession 'may be suspect if it is extracted from one who is under the pressure of a police investigation ***.' "
> 89 Ill. 2d 352, 359, 432 N.E.2d 861,

cited to *People v. Perfecto* (1962), 26 Ill. 2d 228, 186 N.E.2d 258, and stated:

> " ' "The true rule is that if there is evidence of corroborating circumstances which tend to prove the *corpus delicti* and correspond with the circumstances related in the confession, both the circumstances and the confession may be considered in determining whether the *corpus delicti* is sufficiently proved in a given case. ***" ' " 89 Ill. 2d 352, 359, 432 N.E.2d 861.

Mr. Justice Thomas J. Moran speaking for the *Willingham* court then concluded that to establish the *corpus delicti*:

> "[T]here must be *some evidence, apart from the confession, demonstrating that a crime occurred.* Once the required showing has been made, the circumstances along with the confession may be considered in determining whether the *corpus delicti* is sufficiently proved (as well as the guilt of the defendant)." (Emphasis added.) 89 Ill. 2d 352, 360, 432 N.E.2d 861.

In the instant case, the only evidence of sexual activity introduced pertained to the child's presence in the basement and the light redness and, according to the victim's mother, some swelling around the child's rectum. While it is true that this evidence corresponds generally with the circumstances of the confession, we cannot say, that this evidence "demonstrates that a crime occurred."

The child's anal redness was not observed until almost two weeks after the date the defendant and victim allegedly slept together. There was no evidence of a complaint by the child to his mother. There was no evidence indicating sexual activity involving the child's penis. There was no evidence presented as to the reason Mrs. Carlson brought her son to the hospital. The State did not present medical evidence as to the possible causes of the condition of the child's rectum. There was no confession to support the condition that was observed. In short, the State failed to present evidence which established any relationship between the victim's condition on June 8 and the commission of a crime which was charged by indictment to have occurred on May 26.

The quantum of evidence introduced in the case at bar to corroborate the defendant's confession is well below that upheld by the court in *Willingham*. Willingham was convicted of attempt (armed robbery). The evidence included that the victim in *Willingham* was shot, and subsequently died. The defendant testified he was in the victim's apartment at the time. He confessed that he planned with two other men to rob the victim of cocaine. In addition to Willingham's confession, the State introduced evidence that the defendant borrowed a

gold Camaro which apparently was the one seen in the crime scene parking lot shortly before the crime occurred. The State presented testimony that the victim told the police he had been shot by two men wearing stocking masks. A search of the Camaro revealed a nylon stocking and men's pants stained with blood. Cocaine was found in the victim's apartment. Suffice to say the evidence in *Willingham* which demonstrated that the crime of armed robbery had occurred far exceeded the evidence of any crime in the instant case. Here we have only an opportunity two weeks earlier and otherwise unexplained light redness and the alleged swelling.

We find the instant case to be most analogous to the cases of *People v. Lueder* (1954) 3 Ill. 2d 487, 121 N.E.2d 743, and *People v. Hougas* (1968), 91 Ill. App. 2d 246, 234 N.E.2d 63. In both *Lueder* and *Hougas,* the defendants were convicted of arson based solely on the evidence of the defendant's confessions and the fact that a building had burned. The courts in both cases reversed the convictions, ruling that the lack of evidence that the fires were caused by criminal acts resulted in insufficient corroboration of each confession.

Just as a building may burn for any number of reasons unrelated to a criminal act, a child may develop swelling and redness on his body for many reasons. In the instant case, the lack of evidence that the condition of the child's anus was caused by a criminal act leads us to conclude that the defendant's confession was not sufficiently corroborated. The evidence that on one occasion, two weeks earlier, the defendant and the victim slept in the same room does not provide the missing proof of the *corpus delicti.*

The judgment of the circuit court of Peoria County is reversed.

Reversed.

SCOTT, J., concurs.

JUSTICE HEIPLE, dissenting:

The facts in this case are clear and admit of only one conclusion; the defendant took indecent liberties with a four-year-old child. Casting aside euphemisms, the jury found that the defendant was a child molester. Yet the majority has gone out of its way to set him free. This result is both outrageous and indefensible. I dissent.

The defendant argues that his conviction must be reversed because his confession was not supported by sufficient independent proof of the *corpus delicti.* The majority accepts this argument and cites *People v. Willingham* (1982), 89 Ill. 2d 352, as the controlling

case. I agree that *Willingham* controls, but I disagree with the majority's application.

The rule announced in *Willingham* is succinctly stated:

> "In summation, if *** independent evidence *tends* to prove that an offense occurred, then such evidence, if corroborative of the facts contained in the confession, may be considered along with the confession in establishing the *corpus delicti*. In such event, the independent evidence need not establish beyond a reasonable doubt that an offense did occur." (89 Ill. 2d 352, 361.)

The independent evidence in this case consists of the testimony of Mrs. Carlson, the victim's mother, and Officer Conrad Hlavacek. Mrs. Carlson testified that on the night of May 26, 1982, she had given her son his pajamas and observed him go downstairs to the basement to sleep. She also saw the defendant, who usually slept in the basement, follow the victim downstairs. Thirteen days later when Mrs. Carlson had occasion to examine her son, she noticed redness and swelling around the victim's rectum. This prompted her to call the police. Officer Hlavacek, who later arrested the defendant, also noticed a reddish color around the victim's rectum. This evidence was sufficient to compel Officer Hlavacek to pick up the defendant for questioning on the following day after which the defendant confessed to the crime.

To satisfy the *Willingham* test, this evidence need only *tend* to establish that an offense was committed. It need not be proven beyond a reasonable doubt nor even by a mere preponderance of the evidence.

The majority dismisses the evidence by arguing that the victim's symptoms could have been caused by a number of things other than criminal conduct. However, when the supreme court requires only that the evidence tend to prove that a crime was committed, this circumstantial evidence cannot be so easily written off.

The evidence here tends to show that the defendant had anal contact with the victim. There was an opportunity for such contact when the victim went into the basement with his pajamas to sleep with the defendant. Less than two weeks later, the victim's mother noticed some unusual discoloration and swelling around the victim's rectum. A combination of these two events points to the conclusion that the child was sexually molested and the defendant was the perpetrator. This conclusion is not absolute, but the evidence certainly tends toward it and that is enough.

The second part of the *Willingham* test requires that the independent evidence corroborate the facts contained in the confession. The

majority admits that the evidence in this case corresponds with the defendant's confession wherein he admits that he rubbed his penis against the victim's buttocks. Although the defendant denied penetrating the victim's anus, surely the symptoms observed by Mrs. Carlson and Officer Hlavacek could have been caused by an attempt to do so.

The majority finds that the instant case is similar to the cases of *People v. Lueder* (1954), 3 Ill. 2d 487, and *People v. Hougas* (1968), 91 Ill. App. 2d 246. In my opinion, they are distinguishable.

In both cases, the defendants had been convicted of arson. The convictions were reversed because there was no evidence, apart from the defendants' confessions and the burned buildings, which indicated that the defendants may have caused the fires.

Here, there is evidence tending to show that the victim was molested and evidence which tends to show that the defendant was responsible. Furthermore, this evidence corroborates the facts contained in the defendant's confession. Cause and effect were adequately linked up. No so in the cases cited by the majority.

I find that the *Willingham* test has been satisfied. So did the judge and jury in the court below. But for the majority, it is not sufficient that after sleeping with the defendant, the victim's body bore the marks of the defendant's deviant activities nor is it sufficient that the defendant admitted molesting the child. The majority wants proof greater than that required by our supreme court. In doing so, the majority announces a rule which allows a pervert to molest a child anytime he pleases so long as it is in private and the child is too young to realize that he has been the victim of a criminal act and testify in court.

It is difficult to see how we can expect society to place its trust in a judicial system which repeatedly seizes upon the most trifling technicalities in order to put a confessed and convicted criminal back onto the streets. I cannot concur with this result.