THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROGER C. WILLIAMS, Defendant-Appellee.

First District (1st Division) No. 83—1340

Opinion filed June 4, 1984.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jeanette Sublett, and Nicholas Geanopoulos, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Richard E. Gade, Assistant Public Defender, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Roger Williams (defendant) was charged with auto theft and possession of a stolen car. The trial court suppressed statements made by defendant while in police custody. The State has appealed. 87 Ill. 2d R. 604(a)(1).

Chicago police officers Thomas Czapiewski, Eugene Richmond, John Mulligan, and Curtis Troogstad responded to a message about a knife fight. At the scene of the fight, defendant and three other men were arrested.

On hearing of the motion to suppress evidence, Officer Czapiewski testified he did not advise defendant of his *Miranda* rights upon his arrest. Furthermore, the officer did not remember whether another officer advised defendant of his rights at that time. The officer "thought" Officer Richmond advised defendant of his rights at the police station.

Officer Richmond testified that at the scene of the arrest he "told them they were under arrest and [he] advised them of their rights." He was talking to "all four" of the people placed under arrest including defendant. At the reading of each separate right, each arrestee nodded affirmatively to indicate his understanding. The witness also similarly read their rights to the arrestees together at the police station before interrogation. Defendant again nodded to indicate his understanding of his rights.

Officer Mulligan testified he heard Officer Richmond advise the arrestees of their *Miranda* rights at the scene of the arrest and also at the police station.

All four officers testified they never struck, kicked, stepped on, or slapped defendant or any of the other arrestees. Each of the four officers also testified that the victim of the alleged auto theft was not given the opportunity to beat defendant.

Defendant testified he was 17 years old at the time of his arrest. He had not completed his second year of high school. He did not remember whether Officer Richmond advised him of his rights at the scene of the arrest. Defendant testified he did not know what *Miranda* rights were. He did not recall that anybody at the police station advised him of his constitutional rights.

On cross-examination defendant stated he had no problem reading, writing, or understanding English. He admitted having been arrested more than five times between 1976 and 1982. He did not know whether he had been arrested more than 10 times. He did not remember whether any officer had ever advised him of his rights at any time. Defendant stated he never told the police anything except his name, address, and age. Although the police "roughed [him] around trying to get" defendant to admit stealing the car, defendant never made a statement to police.

After argument by counsel, the trial judge stated that defendant "is an unmitigated liar." "I have a very very hard time in believing" defendant. "So I think the people who told the truth in this case were the police officers." The judge made findings of fact that the defendant was advised of his rights along with the other arrestees, and that Officer Richmond believed defendant understood the rights relating to him.

Nevertheless, the trial court granted defendant's motion to suppress, principally because he found specifically the procedure of "reading the rights to the four individuals at one time" was improper. The judge also stated that although defendant was "familiar with police stations," and "understands how things work in police stations," it was possible for defendant not to understand the "full impact of the *Miranda* warnings when [they are] read in that type of fashion without individual questioning and saying 'Yes, I understand those certain rights *** .' "

Defendant initially argues this court may not disturb the determination of the trial court unless it is contrary to the manifest weight of the evidence. (See *People v. Dalton* (1982), 91 Ill. 2d 22, 31, 434 N.E.2d 1127.) However, this principle refers only to the trial court's findings of fact. "[T]he scope of our review on questions of law is independent, not deferential." *Havens v. Miller* (1981), 102 Ill. App. 3d 558, 567, 429 N.E.2d 1292.

Accepting the factual findings of the trial judge, the issue before this court is one of law as to whether a 17-year-old defendant, whom the trial judge described as "not very intelligent," but who was familiar with police procedures and who had been arrested several times previously, voluntarily waived his *Miranda* rights in making a statement to police after an officer twice read those rights to defendant as a member of a group of four, and after defendant acknowledged his understanding of his rights by nodding affirmatively each time the rights were read.

## I

■■ The litigants have not cited, nor have we discovered, any case which addresses the propriety of informing a small group of arrestees of their *Miranda* rights at one time. However, the Illinois Supreme Court recently affirmed the misdemeanor conviction of a *pro se* defendant pursuant to his plea of guilty after a group admonition of his rights by the trial judge. The court stated (*People v. Lynn* (1984), 102 Ill. 2d 267, 270-71):

> "[T]he trial court admonished a group of accused persons, present in the courtroom, as to their rights. The defendant, as member of that group, was given a written copy of the charges against him and advised that he had the right to plead guilty or not guilty. *** In addition, the court instructed the group that they had a right to be represented by a lawyer. ***
>
> After this general admonition *en masse*, the court directed admonitions personally to each defendant. At this point, it was determined that defendant had read a copy of the charges against him and had understood the nature of those charges."

The court did not specifically address the propriety of instructing the defendants *en masse*. However, the court implicitly found the defendant therein was adequately informed of his rights.

Furthermore, "[t]he manner in which the [*Miranda*] warnings are given does not matter if the [accused] person understands his rights." (*United States v. Tuggles* (E.D. Pa. 1971), 334 F. Supp. 383, 387, citing *Bell v. United States* (9th Cir. 1967), 382 F.2d 985; *United States v. Johnson* (7th Cir. 1970), 426 F.2d 1112; *United States v. Goldsmith* (E.D. Pa. 1967), 274 F. Supp. 494.) Similarly in *People v. Reyes* (1981), 102 Ill. App. 3d 820, 828, 429 N.E.2d 1277, we held that "*Miranda* does not specify the precise language to be used in advising a person of his constitutional rights. Rather it requires an intelligent conveyance of the rights set forth therein, not a ritualistic recital of meaningless words. (*People v. Prim* (1972), 53 Ill. 2d 62, 67.)"

■ In the case at bar, we find no impropriety in the fact that a police officer simultaneously informed four arrestees of their rights. We conclude that advising a group of arrestees of their rights is proper legal procedure. The only limitation is that the group be small enough so the officer can readily determine that each of the arrestees understands his rights and also that each arrestee independently acknowledges his understanding.

## II

■ Next we must determine whether defendant adequately waived his *Miranda* rights. In *People v. Johnson* (1973), 55 Ill. 2d 62, 302 N.E.2d 20 the court reiterated the rule set forth in *People v. Brooks* (1972), 51 Ill. 2d 156, 164, 281 N.E.2d 326, and *People v. Higgins* (1972), 50 Ill. 2d 221, 227, 278 N.E.2d 68, *cert. denied* (1972), 409 U.S. 855, 34 L. Ed. 2d 100, 93 S. Ct. 195, that a formal waiver of a defendant's *Miranda* rights is not necessary. The court stated:

> " 'An express waiver of the right to counsel is not necessary. The test is that there be a showing of a knowing intent to speak without counsel. Once the defendant has been informed of his rights and indicates that he understands those rights it would seem that his choosing to speak and not requesting a lawyer is sufficient evidence that he knows his rights and chooses not to exercise them. [Citations.]' A similar expression by this court in *People v. Higgins*, 50 Ill. 2d 221, 227, was: 'An express, formalistic waiver is unnecessary for "[a]ny clear manifestation of a desire to waive is sufficient. The test is the showing of a knowing intent, not the utterance of a shibboleth. ***." [Citation.]' " *People v. Johnson* (1973), 55 Ill. 2d 62, 71.

Furthermore, in *People v. Henne* (1974), 23 Ill. App. 3d 567, 319 N.E.2d 596, *appeal denied* (1975), 58 Ill. 2d 594, the court held specifically that where defendant nodded his head up and down after being informed of his *Miranda* rights, this action constituted a sufficient expression of his understanding of his rights. Thus, his statement to the police the next day constituted a valid waiver of those rights. In addition the defendant in *Henne* was intoxicated at the time he was informed of his rights. He was not again informed of his rights immediately before his interrogation.

Similarly, in the case at bar, defendant's conduct in nodding his head constituted an expression of his understanding of his *Miranda* rights and his following statement to police constituted a valid waiver of those rights. The facts in the instant case more definitively establish a valid waiver than do the facts in *Henne*. Here, defendant was

not intoxicated at the times he was informed of his rights. Also defendant was advised of his rights twice; once at the time of his arrest and again immediately before he made his statement to the police.

## III

■ Finally, defendant's age and his apparent lack of exceptional intelligence do not invalidate his voluntary waiver. In *People v. Padilla* (1979), 70 Ill. App. 3d 406, 387 N.E.2d 985, *appeal denied* (1979), 79 Ill. 2d 616, *cert. denied* (1980), 445 U.S. 961, 64 L. Ed. 2d 235, 100 S. Ct. 1646, and *People v. Cooper* (1975), 30 Ill. App. 3d 326, 332 N.E.2d 453, *appeal denied* (1975), 61 Ill. 2d 598, *cert. denied* (1976), 425 U.S. 994, 48 L. Ed. 2d 818, 96 S. Ct. 2206, we held valid the voluntary waivers of *Miranda* rights by two 17-year-old defendants who had IQ's of 78 and 71 respectively. In *Padilla*, defendant had completed only the third grade in school. In *Cooper*, the defendant could read at only the level of a third-grade student.

In the case at bar, defendant completed more than a year of high school. He had no trouble reading or understanding English. Furthermore, defendant's several arrests support the conclusion that defendant understood his rights and voluntarily waived them. See *People v. Clemens* (1972), 9 Ill. App. 3d 312, 315, 292 N.E.2d 232.

For these reasons the judgment appealed from is reversed and the case remanded for trial.

BUCKLEY, P.J., and CAMPBELL, J., concur.