(No. 59784

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. TIMOTHY A. LAMBERT, Appellee.

*Opinion filed November 30, 1984.*

SIMON, J., specially concurring.
UNDERWOOD, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert and James V. Cinotto, Assistant Attorneys General, of counsel), for the People.

Michael E. Brandt, of Peoria, for appellee.

PER CURIAM: Timothy A. Lambert was charged with one count of indecent liberties with a child pursuant to section 11—4(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 11—4(a)(2)). The indictment

charged, "He, a person of the age of 17 years and upwards, performed an act of deviate sexual conduct upon *** a child under the age of 16 years, in that he placed his mouth upon the sex organ of [the child]." A jury in the circuit court of Peoria County found the defendant guilty. The defendant was sentenced to eight years' imprisonment. The defendant appealed his conviction to the appellate court on the ground that the State failed to prove the *corpus delicti* of the offense charged. The appellate court agreed with the defendant and reversed the defendant's conviction. (121 Ill. App. 3d 239.) The State petitioned this court for leave to appeal, and we granted the State's petition. We affirm the appellate court.

Very little evidence was presented in this case. The State called only two witnesses, Debbie Carlson, the child's mother, and Officer Conrad Hlavacek of the Peoria police department. The defense did not present any evidence. The record revealed that, at the time in question, the alleged victim was four years old and the defendant was 23 years old. The record also revealed that the defendant had been living with the Carlson family for about two months at the time of the alleged occurrence. During this period, the defendant slept in the basement of the Carlson home. Sometime in late May 1982, the Carlsons and the defendant went to a movie. When they returned home, the Carlson's son took his pajamas and went downstairs to sleep in the basement. The defendant went to the basement as well. Two to three weeks after the night in question, Mrs. Carlson noticed that her son's rectum was pinkish and swollen.

Police Officer Hlavacek testified that on June 8, 1982, he investigated a sex-abuse case at Proctor Hospital. Officer Hlavacek examined the boy and noticed that the boy's rectum had a "light redish [*sic*] cast." Officer Hlavacek also testified that he was not a medical doctor and that he had no medical training and, therefore, could

not testify if the reddish cast on the boy's rectum was unusual. Officer Hlavacek further testified that the defendant admitted to him that the boy went to the basement on the date in question and that he fondled the boy's penis and buttock, sucked on the boy's penis, and rubbed his penis against the boy's buttock; and that the defendant denied penetrating the boy's rectum. Prior to the defendant's admission, the Officer had taken two statements from the defendant. In both statements, the defendant denied any sexual activity with the boy before or after the incident in question.

The issue presented is whether the State proved the *corpus delicti* of the offense charged. In *People v. Kirilenko* (1953), 1 Ill. 2d 90, 94, this court stated:

> "It is a basic concept in criminal law that proof of a criminal offense involves the proof of two distinct propositions or facts beyond a reasonable doubt. First, that a crime was committed, and second, that it was committed by the person or persons charged. In other words, as stated in *People v. Hooper*, 364 Ill. 320, 'the *corpus delicti* must be proved and the identity of the defendant as the guilty party must be established.' "

"Proof of *corpus delicti* requires both proof of injury or loss, as well as proof of criminal agency. (7 Wigmore, Evidence sec. 2072 (rev. ed. 1978); McCormick, Evidence sec. 158, at 347 (2d ed. 1972).)" (*People v. Dalton* (1982), 91 Ill. 2d 22, 29.) However, the *corpus delicti* cannot be proved by the defendant's confession alone. (*People v. Dalton* (1982), 91 Ill. 2d 22, 29; *People v. Willingham* (1982), 89 Ill. 2d 352, 360; *People v. Pry* (1967), 38 Ill. 2d 261, 263; *People v. Jones* (1962), 26 Ill. 2d 381, 386; *People v. Perfecto* (1962), 26 Ill. 2d 228, 229; *People v. Melquist* (1962), 26 Ill. 2d 22, 28; *People v. O'Neil* (1960), 18 Ill. 2d 461, 463; *People v. Lueder* (1954), 3 Ill. 2d 487, 488; *People v. Borrelli* (1946), 392 Ill. 481, 492.) There must be either some independent evidence or cor-

roborating evidence outside of the confession which tends to establish that a crime occurred. (*People v. Willingham* (1982), 89 Ill. 2d 352, 360.) If there is such evidence, and that evidence tends to prove that the offense occurred, then that evidence, if it corroborates the facts contained in the defendant's confession, may be considered together with the confession to establish the *corpus delicti*. (89 Ill. 2d 352, 361.) We find no such evidence here.

We believe this case is analogous to *People v. Lueder* (1954), 3 Ill. 2d 487. In *Lueder*, the defendant was found guilty of burning a building. The only evidence against the defendant was his confession and the testimony of one witness. The witness testified that the defendant was employed by the Forest Home Cemetery and that a tool shed on the cemetery grounds was burned. The defendant alleged that the only proof of the *corpus delicti* was his confession. This court found that the independent evidence only tended to establish that a building burned. The court held, "Therefore, in the absence of any evidence independent of the confession clearly showing a crime to have been committed by some person and in the further absence of evidence of other facts or circumstances so fully corroborating the confession as to show the commission of the offense beyond a reasonable doubt, the rule that the *corpus delicti* cannot be proved by the confession of a defendant alone must be applied." (3 Ill. 2d 487, 489-90.) Consequently, this court reversed the defendant's conviction.

Here, the only evidence independent of the defendant's confession was the testimony of Mrs. Carlson and Officer Hlavacek. This independent evidence tended to establish: (1) the defendant's sleeping quarters were in the basement; (2) the boy slept in the basement one night after he, his family and the defendant had gone to a movie; and (3) two to three weeks after that night, the

boy's rectum appeared pinkish and swollen.

The State failed to present medical evidence to establish the possible causes for the condition of the boy's rectum. There was no evidence that the boy complained to his mother. There was no evidence outside of the confession concerning any sexual activity involving the boy's penis, as specifically charged in the indictment. There was no evidence that the mother took the boy to the hospital on the same day that she noticed the boy's rectum appeared pinkish and swollen. As the appellate court stated: "In short, the State failed to present evidence which established any relationship between the victim's condition on June 8 and the commission of a crime which was charged by indictment to have occurred on May 26." *People v. Lambert* (1984), 121 Ill. App. 3d 239, 241.

In *Lueder*, the independent evidence only tended to establish that a building burned. In this case, the independent evidence only tended to establish that the boy's rectum was pinkish and swollen. In *Lueder*, there was a lack of evidence that the fire was caused by a criminal act. In the present case, there was a lack of evidence that the redness and swelling of the boy's rectum were caused by a criminal act. As this court concluded in *Lueder*, we conclude here, the defendant's confession was not sufficiently corroborated by independent evidence. Therefore, the defendant's conviction must be reversed.

The State urges us not to apply the independent-corroboration rule in this case. However, "[e]xperience has shown that untrue confessions may be given to gain publicity, to shield another, to avoid apparent peril, or for other reasons, and because of this, the law demands corroborating proof that a crime did in fact occur before the individual is punished therefor." *People v. O'Neil* (1960), 18 Ill. 2d 461, 464.

This is a country of laws. The law requires that be-

fore an individual is punished for a crime, he must be proved guilty beyond a reasonable doubt. When an individual has been charged with a crime and confesses to that crime, the law of this State requires that the prosecution introduce evidence outside of the confession that tends to prove that the offense occurred. In the case at bar, the State had its opportunity to provide such evidence but failed to do so. We will not now abandon a long-standing rule of law because the State failed in its burden.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, specially concurring:

I do not agree with the reasoning stated by the majority for its conclusion; nevertheless, I agree with the result reached by the majority in this case, although on a different ground.

The indictment charged that the defendant performed a deviate sexual act upon a child "in that he placed his mouth upon the sex organ of [the child]," while such corroborating evidence as the State presented suggested that an act of anal sex may have occurred. Rather than deciding this case on the ground that the State failed to establish the *corpus delicti* of indecent liberties with a child, I would rest the decision on the ground that the State failed to offer sufficient proof of the specific offense charged, namely an act of oral sex.

The *Willingham* standard for establishing the *corpus delicti* is a rather low one:

> "[I]f the independent evidence *tends* to prove that an offense occurred, then such evidence, if corroborative of the facts contained in the confession, may be considered along with the confession in establishing the *corpus delicti*. In such event, the independent evidence need not establish beyond a reasonable doubt that an offense did

occur." *People v. Willingham* (1982), 89 Ill. 2d 352, 361.

Even this standard may present special difficulties in cases involving the sexual abuse of young children, for independent evidence that tends to prove that the offense occurred will often not exist or be inadmissible because of the age of the child. Since I would decide this case on the ground that the prosecutor's proof was of a different offense than the one he charged, I would not reach the question in this case of how the *Willingham* standard applies to child-abuse cases.

·JUSTICE UNDERWOOD, dissenting:

The law of this State is that, "if the independent evidence *tends* to prove that an offense occurred, then such evidence, if corroborative of the facts contained in the confession, may be considered along with the confession in establishing the *corpus delicti*. In such event, the independent evidence need not establish beyond a reasonable doubt that an offense did occur." (*People v. Willingham* (1982), 89 Ill. 2d 352, 361; see also *People v. Perfecto* (1962), 26 Ill. 2d 228, 229.) In this case it is undisputed that the defendant and the victim slept in the basement on the night in question and that the victim's rectum showed signs of irritation about 13 days after the alleged occurrence.

The defendant's confession is explicit as to the details of the incident in question, and it is undisputed that the confession was given in a written, signed statement that followed the giving of warnings in accordance with *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. There is no contention by the defendant that the confession was involuntary.

The rule that the majority invokes is designed to protect against untrue confessions. (*People v. Dalton* (1982), 91 Ill. 2d 22, 29.) The rule has been criticized, and it has been suggested that a cautionary jury instruction would

be preferable. (7 Wigmore, Evidence sec. 2070, at 510 (Chadbourn rev. ed. 1978).) To a great extent the protection of the rule is today afforded by the *Miranda* warnings.

The crime charged here is one for which corroborating physical evidence is likely in many cases to be absent. The strict application of the corroboration rule in a case such as this one seems, to me, inappropriate, and I would not set aside the jury verdict.