THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES BENNETT, Defendant-Appellant.

Third District   No. 3—86—0308

Opinion filed March 4, 1987.

Marcia F. Straub, of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (Edward P. Morrissey, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, James Bennett, was convicted of the theft of less than $300. (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1).) The trial

court sentenced him to three months of court supervision and ordered him to pay $55.40 in court costs. The defendant appeals.

The State presented only two witnesses at trial, James Jack and Juanita Juarze. Jack, director of security for Toys R Us, testified that on or about January 18, 1985, he interviewed the defendant. Following the 45-minute discussion, the defendant gave a written statement admitting that he had taken $50 from the safe of the Peoria Toys R Us, where he was a manager trainee.

Juarze, merchandise manager for the Peoria Toys R Us, testified that on January 16, 1985, she and another woman counted some of the money in the store's safe. A bundle of $5 bills, which was marked $100, contained only $60.

Juarze did not count the remaining money in the safe, which she estimated to have been between $5,000 and $8,000. She did not know who had prepared the bundle of $5 bills in question. She could not testify as to when the bundle had been placed in the safe. She admitted that the missing $40 could accidentally have been put into a cash register or that the person who placed the money in $100 bundles could have miscounted it. She also admitted that shortages had occurred on a number of occasions. Finally, she noted that eight or more people had access to the safe.

The defendant testified that he was not guilty of the offense charged. He claimed that he had admitted to the theft only because Jack said he had evidence which would put the defendant in jail for a long time, but that if he admitted to the theft and repaid the money the company would not punish him.

The defendant argues on appeal that the State failed to prove him guilty beyond a reasonable doubt in that it failed to prove the *corpus delicti* of the offense.

■■ In order to prove an offense beyond a reasonable doubt, the State is required to prove the *corpus delicti* of the offense. (*People v. Kirilenko* (1953), 1 Ill. 2d 90, 115 N.E.2d 297.) Proof of *corpus delicti* requires both proof of injury or loss, as well as proof of criminal agency; the evidence establishing that the crime occurred must be independent of any confession. *People v. Lambert* (1984), 104 Ill. 2d 375, 472 N.E.2d 427.

■ In the instant case, without even considering the many ways in which addition errors could have been made, the number of people who had access to the safe, the large sum of money in the safe, and the difference between the amount allegedly stolen and the amount stated in the defendant's confession, it is obvious that the State failed to meet its burden of proof. Juarze could not verify from firsthand

knowledge that the bundle in question ever actually contained $100. She could not testify from personal knowledge either to the total amount of money that was supposed to be in the safe or to the total amount that was actually in the safe. The State failed to prove beyond a reasonable doubt that anyone stole $40 from the safe.

Accordingly, we find that the trial court erred in finding the defendant guilty where the State failed to prove the *corpus delicti* of the crime charged.

The judgment of the circuit court of Peoria County is reversed.

Reversed.

WOMBACHER and HEIPLE, JJ., concur.