In the Matter of the Application of the County Treasurer and Ex Officio County Collector of Lake County, Illinois, for Judgment and Order of Sale Against Real Estate Returned Delinquent for the Nonpayment of General Taxes and Special Assessments for the Year of 1960 and Prior Years, Plaintiff-Appellee, v. The First National Bank of Lake Forest as Trustee, Defendant-Appellant.

Gen. No. 67–7.

Second District.

October 23, 1967.

Mark J. Drobnick, of Waukegan, for appellant.

Hall, Meyer, Fisher, Holmberg, Snook and May, of Waukegan, and David J. Zimring, of Chicago, for appellee.

MR. JUSTICE BAUER delivered the opinion of the court.

This is an appeal from certain orders of the Circuit Court of Lake County setting aside purported redemptions from three tax sales and directing the County Clerk of Lake County to issue tax deeds to the original tax purchaser.

The factual situation is relatively uncomplicated and the appeal encompasses orders on three different parcels of property, all involving the same problems.

The first order covers the West one-half of Lot 3 in Block 6 in South Waukegan; the second order involves Lot 5 in Block 6 in South Waukegan and the third order is concerned with Lot 26 in Block 6 of the same subdivision.

The original tax purchaser purchased the three parcels involved at a tax sale under Section 235a of the Revenue Act on August 7, 1962, and received the certificates of sale. On November 24, 1964, the purchaser

filed petitions for the issuance of Tax Deeds. March 15, 1965, was the final day for redemption and on that date a redemption was purportedly made on behalf of Trust #321 of the First National Bank of Lake Forest. On April 1, 1965, the purchaser filed petitions to set aside the redemptions and stated that the First National Bank of Lake Forest Trust #321 was a stranger to title in the various lots and had no redeemable interest. The Bank Trust filed answers to the petition, which answers claimed redeemable interest in the Trust by virtue of a deed from one Joseph J. Drobnick who, the answer alleged, acquired title by cutting the weeds in 1955, and by offering the property for sale, by fencing the property in 1960, and by virtue of a deed from another stranger to title.

The hearings on the original petition for the tax deed were set for March 18, 1965, and, after the purported redemption were first continued until April 1st, and then until May 26, 1965. On that date, the court entered orders which vacated the purported redemptions and directed the County Clerk to issue tax deeds to the original tax purchaser. The orders, identical except for the described property and certificate numbers, all contain opening paragraph as follows:

> This cause coming on to be heard upon the Petition of S.C.Z. Corp., an Illinois Corporation, due notice having been served on all parties entitled thereto, and the Court having heard the evidence adduces (sic) and being fully advised in the premises.

On June 25th, the Bank filed motions to vacate the orders of May 26th, 1965, on the grounds that the orders were not submitted to counsel for the Bank prior to their execution by the court; that no evidence was in fact adduced by either party prior to the entry of the order and that the answers to the petitions were never struck

or dismissed. These motions were denied and this appeal followed.

■ As a starting point, our concern is whether the purported redemption from the tax sale was made by a person having a redeemable interest in the property involved. For purposes of this inquiry it is unnecessary to go beyond the pleadings. The pleadings were verified and the matters set forth in the petition that were not denied in the answers, together with the affirmative matters contained in the answers clearly demonstrate that the Bank Trust was a stranger to the title of the property.

■ Although record title is not a prerequisite for redemption, a stranger to the property may not redeem. Monsen, Inc. v. Hasselman, 63 Ill App2d 135, 137, 211 NE2d 127 (1965).

There is one question relative to the title of one of the lots that merits comment. On Lot 26 the Bank asserts a redemptive right predicated upon an unrecorded deed from a grantor who received his interest from persons described as the heirs of a 1915 tax purchaser. The question of the right to redeem based on an unrecorded deed was resolved by our Supreme Court in Weiner v. Jobst, 22 Ill2d 11, 174 NE2d 561 (1961) where the court stated at page 15:

> Appellant did not have title to the property in question and could obtain title only through an unrecorded deed. The petition to vacate the order of April 14, 1960, shows that completion of the record chain of title in appellant was too late. (The redemption was vacated.)

This view, of course, eliminates the necessity of determining what, if any, interest was passed by the unrecorded deed in the instant case, although it is by no means

clear that the interest passed would have been one that created a right to redeem even if the deed had been recorded.

Since the Bank Trust had no redeemable interest in any of the properties described, the trial court properly voided the purported redemption and ordered the County Clerk to issue the tax deeds to the purchaser at the tax sale.

 Next comes the problem of the language of the order which states that "The Court having heard the evidence adduces (sic) and being fully advised in the premises." To begin with, the language with reference to what the court heard was not necessary to the validity of the order and was therefore, in this situation, mere surplusage. In addition, we will not assume that no evidence was in fact heard, since it is presumed that the facts stated in the judgment order are true, in the absence of contrary evidence. Skaggs v. Junis, 28 Ill2d 199, 201, 190 NE2d 731 (1963). It is also obvious that appellant confuses the term "evidence" with "testimony." The word evidence, in legal acceptance, includes all the means by which any alleged matter of fact is established or disproved. Testimony is not synonymous with evidence; the latter is a more comprehensive term.

At any rate, the appellant's claim to color of title as set out in the answers filed, clearly fail to establish such an interest as would create a right to redeem from the tax sale herein.

 Lastly, the appellant Bank complains that the orders holding void the redemptions and directing the issuance of the tax deeds were not submitted to counsel for the Bank before being signed by the court. We know of no rule in law or logic that requires the submission of orders of the court to counsel in order to give validity to such orders. No suggestion exists that the order presented

differed from the court's decision and we have been presented with no case or rule requiring approval of counsel to give validity to proper orders of the court.

The decision of the Circuit Court of Lake County is therefore affirmed.

Orders affirmed.

DAVIS, P. J. and ABRAHAMSON J., concur.