THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EARL FLEMING, Defendant-Appellant.

Second District    No. 80-335

Opinion filed December 29, 1981.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Paula R. Johnson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Earl Fleming, was convicted by a jury in Winnebago County of the offense of murder (Ill. Rev. Stat. 1979, ch. 38, par. 9—1) and sentenced to a term of 30 years imprisonment. Defendant appeals.

■■ Defendant argues that the trial court erred in denying his motion to suppress statements, because the evidence showed that police failed to "scrupulously honor" his right to remain silent. Before reaching the merits of this issue we must determine whether defendant has waived consideration of this issue on appeal. The record reveals that the defendant failed to raise this issue specifically in his written motion for a new trial. The general catchall language used by defendant in his post-trial motion is ineffective to prevent waiver of a specific issue. (*People v. Edwards* (1977), 49 Ill. App. 3d 79, 81, *rev'd on other grounds* (1978), 74 Ill. 2d 1, *cert. denied* (1979), 442 U.S. 931, 61 L. Ed. 2d 299, 99 S. Ct. 2862; *People v. Rogers* (1975), 32 Ill. App. 3d 788, 790, 336 N.E.2d 784.) Therefore, this issue is waived unless it is considered pursuant to the plain-error doctrine. (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a); *People v. Jackson* (1981), 84 Ill. 2d 350, 359, 418 N.E.2d 739.) In reviewing the record in the instant case we have concluded that there is no plain error.

Defendant's argument is that he was improperly questioned after he invoked his right to remain silent. Upon arrival at the police station defendant gave the necessary information for a booking slip to be filled out. He was then advised of his rights under *Miranda* and he refused to sign the waiver of rights form. He was left in the holding cell for 1 hour and 45 minutes until he was taken to the detective bureau. At this time he signed the form and made his statement. Defendant contends he was questioned twice. The record is not clear in this regard. However, we are of the opinion that whether defendant was questioned once or twice there was still no plain error.

We first consider defendant's argument assuming there was requestioning. The record shows that defendant was approached and asked for his driver's license by the police; asked about his whereabouts that evening; and asked for information in order to fill out the booking slip. If this is considered to be questioning, then we must consider whether the subsequent requestioning was improper.

In *Michigan v. Mosley* (1975), 423 U.S. 96, 46 L. Ed. 2d 313, 96 S. Ct.

321, the Supreme Court explained under what circumstances consistent with the dictates of *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, questioning may be renewed once a person in custody has invoked his right to remain silent. The court in *Mosley* concluded that the inadmissibility of statements obtained after a person in custody has decided to remain silent depends on whether his right to cut off questioning was scrupulously honored.

The following three factors have been emphasized by Illinois courts in determining whether under *Mosley* a defendant's right to cut off questioning has been scrupulously honored: (1) whether there is a passage of a significant amount of time between questioning sessions; (2) whether subsequent questioning is by a different officer and prefaced by fresh *Miranda* warnings; and (3) whether subsequent questioning involves a completely different crime. (*People v. Goodrich* (1977), 48 Ill. App. 3d 141, 145, 362 N.E.2d 798.) The fact that a person in custody has invoked his right to remain silent does not preclude all future inquiries by police to see if he has changed his mind. (*People v. Colley* (1980), 83 Ill. App. 3d 834, 841, 404 N.E.2d 378.) In deciding whether a defendant's right to remain silent has been scrupulously honored courts will also look to see whether there is evidence of repeated and persistent efforts to wear down the defendant and make him change his mind or evidence of police coercion or intimidation. *People v. Payton* (1980), 91 Ill. App. 3d 78, 82, 414 N.E.2d 283.

■■ In the instant case the 1 hour and 45 minute time period between questioning sessions satisfies the *Mosley* requirement that there be a significant time period between interrogation sessions. (See, *e.g., Mosley* (two hours); *People v. Pleasant* (1980), 88 Ill. App. 3d 984, 411 N.E.2d 132 (1½ hours).) Defendant was questioned by different officers during the second session and was given fresh *Miranda* warnings. Yet, during the second questioning period defendant was asked about the same crime as during the first session. In *People v. Robinson* (1980), 87 Ill. App. 3d 621, 626, 410 N.E.2d 121, 125, the court stated:

> "As long as the record supports the conclusion that defendant's *Miranda* rights were scrupulously honored otherwise, he could be requestioned about the same crime as the original interrogation pursued. [Citations.]"

Therefore, statements made as the result of requestioning the defendant on the same subject matter can be admissible. See also *People v. Connell* (1980), 91 Ill. App. 3d 326, 333, 414 N.E.2d 796.

Next, we consider the possibility that defendant was in actuality only questioned one time, and that was after he signed the waiver of rights form. While this possibility is not raised by the parties, the record does not make it clear that defendant was asked any questions about the crime he

was charged with until after he signed the waiver of rights form. As such the requestioning problem would not exist.

We make these findings cognizant of the recent case of *Edwards v. Arizona* (1981), 451 U.S. 477, 68 L. Ed. 2d 378, 101 S. Ct. 1880, in which the suppression of a post-arrest confession was required where a defendant had requested an attorney during the course of questioning, and was subsequently requestioned by different officers. We feel that *Edwards* is inapposite. In *Edwards* defendant repeatedly requested and clearly asserted his desire for counsel, unlike the case before us, where the defendant only refused to sign the waiver of rights form. We do not construe the refusal to sign a waiver of rights form as a specific request for an attorney.

■■ A court must measure the voluntariness of a statement made after questioning is initially cut off by considering the totality of circumstances under which it was made, including the fact that defendant may have been subjected to illegal questioning earlier. (*People v. Colley* (1980), 83 Ill. App. 3d 834, 841, 404 N.E.2d 378.) It appears from the record in this case that the trial court did properly consider all of the circumstances under which defendant's statement was made. We have concluded therefore that the trial court properly denied defendant's motion to suppress statements.

The second contention of the defendant on appeal is that he was denied a fair trial as a result of the improper jury instruction regarding certain statements or admissions.

Both defendant and the State tendered versions of Illinois Pattern Jury Instructions, Criminal, No. 3.06 (1st ed. 1968) (hereinafter cited as IPI Criminal), and the State's version was allowed. This version deleted a phrase which would have informed the jury that it was for them to decide whether the admissions were made. The committee notes following the instructions state that the phrase directing the jury to determine whether the defendant made the statements should be deleted only when the defendant admits making all the material statements attributed to him. IPI Criminal No. 3.06 (Committee Note).

If a court rules that a confession is voluntary and admits it into evidence, the defendant still has a right to present evidence to the jury which affects the credibility and weight to be given the confession. (*People v. Cook* (1965), 33 Ill. 2d 363, 369-70, 211 N.E.2d 374.) In *Cook* the court found that the defendant was entitled to an instruction which informed the jury that they might determine whether the defendant made any confession at all, and if so, to determine the weight and credibility to be given the confession. (33 Ill. 2d 363, 370.) Yet, in *Cook* the defendant had testified at trial. He denied taking part in the robbery, stated that he never admitted his guilt, and said that when questioned by police he

denied taking part in the robbery and refused to sign a written statement admitting his participation in the robbery. (33 Ill. 2d 363, 367-68.) In the instant case the defendant did not take the stand at trial to specifically deny making a statement to the police, nor was there other evidence presented to the jury raising the question of whether he made the statements.

The main distinction between defendant's situation and that in *Cook* was that the jury here was not aware of the possibility that defendant denied making the statement ascribed to him. At trial defendant neither admitted nor denied anything. It has been held that where a defendant offers no testimony to contradict that of the officers the trial court may, in its discretion, accept the officers testimony as true. *People v. White* (1974), 22 Ill. App. 3d 180, 184, 317 N.E.2d 323, *aff'd* (1975), 61 Ill. 2d 288, 335 N.E.2d 457.

■■ Therefore it was not improper for the trial court to have made this deletion in the instruction under circumstances where defendant presented no evidence denying any admission. To allow otherwise would confuse the jury by making them decide an issue improperly before them. (*People v. Bernette* (1970), 45 Ill. 2d 227, 237, 258 N.E.2d 793.) If there was any error that may have resulted from deleting part of the instruction, it was harmless.

■■ The State contends that defendant admitted to having made the statements in question during closing argument. We reject this argument and note that closing arguments are not evidence. R. Hunter, Trial Handbook for Illinois Lawyers §82:1, at 837 (4th ed. 1972).

For these reasons the judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.