THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY JEFFERSON, Defendant-Appellant.

Second District   No. 2—86—0059

Opinion filed February 12, 1987.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Dale M. Wood, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Following a jury trial, defendant, Terry Jefferson, was found guilty of burglary. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a).) On appeal, defendant contends that he was denied due process of law and a fair trial due to an improper instruction tendered to the jury. We affirm.

Defendant has failed to specify the allegedly improper jury instruction as grounds for reversal in his motion for a new trial; however, "substantial defects are not waived by failure to make timely objections thereto if the interests of justice require." (87 Ill. 2d R. 451(c).) In reviewing the record in the instant case, we conclude that the jury was properly instructed. The basis for our conclusion is set forth below.

On September 21, 1985, defendant was arrested following a traffic stop and taken into the custody of the North Chicago police department. According to the testimony at trial, defendant was advised of his rights pursuant to *Miranda v. Arizona* (1966), 384 U.S. 436, 16

L. Ed. 2d 694, 86 S. Ct. 1602, by Officer Price. Defendant then proceeded to implicate Marcus Thomas in the burglary of the M & B Food Store in Waukegan. Defendant was then questioned by Officer Milot of the Waukegan police department. After again receiving his *Miranda* warnings, defendant again indicated that "Thomas was the offender of the incident." Detective DePrez of the Waukegan police department also spoke with defendant about the incident on September 21, 1985. DePrez read defendant his rights, and defendant responded that he understood them. Defendant explained that Thomas had shown defendant a gun, cash, and food stamps he had stolen from M & B Food Store. Defendant further explained that he had an incident with Thomas, and since they were no longer friends, he wanted to divulge the incriminating information.

After Thomas was arrested for the burglary, he implicated defendant. Defendant was arrested on September 26, 1985, on burglary charges. Detective DePrez advised defendant of his rights. When defendant indicated that he wanted to discuss the incident, DePrez handed him a form that outlined his rights, and defendant signed the form waiving his rights. Defendant then gave a detailed account of the burglary of the store by Thomas and his own role as a lookout. DePrez took notes during defendant's confession and then typed up his notes. DePrez asked the defendant to read the statement aloud along with him. Any typographical errors were corrected and initialed by DePrez and the defendant; then, defendant signed the typed statement. DePrez discarded the handwritten notes, and the typed statement was admitted into evidence at trial.

On September 27, 1985, Officer Pratt read defendant his rights, which defendant waived. Officer Pratt asked defendant if he was willing to relate the events that led to his arrest. Pratt also told the defendant that his fingerprints were found on the screwdriver, when in fact he did not know if this was true. Defendant then related that he and Thomas pried away the bars from a bathroom window of the M & B Food Store to gain entry. Defendant's role was a lookout. Pratt took notes during the conversation and destroyed them after he typed the statement. The typed statement was admitted into evidence at trial.

At trial, defendant did not testify, but did present an alibi defense through his witnesses. The State then presented rebuttal testimony that contradicted some of the details testified to by defendant's witnesses.

Defendant submitted a jury instruction which provided:

"You have before you evidence that the defendant made

statements relating to the offense charged in the information. It is for you to determine [whether the defendant made the statement, and, if so,] what weight should be given to the statements. In determining the weight to be given to a statement, you should consider all of the circumstances under which it was made." (Illinois Pattern Jury Instruction, Criminal, No. 3.06 (2d ed. 1981) (hereinafter IPI Criminal 2d No. 3.06).)

The trial court refused defendant's instruction, and over defendant's objection, gave instead the State's version of No. 3.06, which omitted the bracketed phrase. The trial court indicated that there was "no contradiction that the statements were given." The jury found the defendant guilty, and he was sentenced to five years' imprisonment.

The committee notes following pattern instruction No. 3.06 indicate that the bracketed phrase should be deleted when the defendant admits making the material statements attributable to him. In this case, defendant chose not to testify and presented no other evidence suggesting he did not make the statements. We have held that under circumstances where a defendant presented no evidence denying an admission, it was not improper for the trial court to have made the deletion in the instruction. To allow otherwise would confuse the jury by making it decide an issue not properly before it. (*People v. Fleming* (1981), 103 Ill. App. 3d 194.) In *Fleming*, the defendant did not take the stand at trial to deny specifically making the statements to the police, nor was there other evidence presented to the jury raising the question of whether he made the statement. Therefore, the instruction given in this case was proper.

Defendant argues that he should not be penalized for invoking his privilege not to testify. However, where a defendant offers no testimony to contradict that of the officers, the trial court may, in its discretion, accept the officer's testimony. *People v. White* (1974), 22 Ill. App. 3d 180, 184, *aff'd* (1975), 61 Ill. 2d 288.

Defendant presented no evidence at trial suggesting that he did not make the statements to the police. The arguments which defendant presents on appeal go to the weight the jury would give to the statements rather than question whether they were made. Defendant's arguments on appeal include: (1) after he had made two nonincriminating statements, there was no reason for him to make incriminating statements; (2) he had an alibi which negates the inference he spoke his own guilt; (3) defendant's original statements that Thomas committed the burglary alone were supported by some of the testimony; (4) his statements were inconsistent with each other and the physical evidence; and (5) two police officers destroyed their notes af-

ter talking to defendant. Defendant's arguments do not refute the contention that he made statements to Detective DePrez and Officer Pratt, who both testified to the existence of statements and even presented into evidence the signed statements. The allegations might undercut the accuracy of defendant's statements, but they do nothing to attack the existence of the statements.

Since the existence of the statements was not controverted at trial, the instruction was proper, and no error occurred.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

REINHARD and NASH, JJ., concur.