THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDY FOSS, Defendant-Appellant.

Second District   No. 2—88—1139

Opinion filed August 3, 1990.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, and Howard M. Goldrich, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Randy Foss, was charged by information in the circuit court of Lake County with criminal damage to property over $300 (Ill. Rev. Stat. 1987, ch. 38, par. 21—1(a)), aggravated assault (Ill. Rev. Stat. 1987, ch. 38, par. 12—2(a)(1)), and theft under $300 (Ill. Rev. Stat. 1987, ch. 38, par. 16—1(a)(1)). Following the State's evidence, the trial court directed a verdict for defendant on the aggravated assault and the criminal damage to property over $300 charges. Defendant was found guilty by the jury of theft under $300 and the lesser included misdemeanor offense of criminal damage to property and was sentenced to concurrent four month terms of incarceration in the county jail.

On appeal defendant contends that he was denied a fair trial because of the prejudicial remarks of the prosecutor during opening statement asking the jury to observe defendant's reactions to the State's witnesses' testimony and by the prosecutor's remarks during closing argument referring to defendant's physical appearance.

The following evidence was adduced at trial. Dana Rizzo testified that on July 20, 1988, at about 10:20 p.m., she and John Lemm were seated in her parked car at a location in Lake County known as the

Cumeo property. Defendant drove up in his car, got out, approached Rizzo and Lemm, and told them they were under arrest. Rizzo laughed. Defendant then demanded that they give him their beer. Rizzo responded that they had no beer. Defendant started screaming and then reached into the backseat of the car and walked away with Rizzo's purse.

Rizzo followed defendant to his car, where defendant shuffled through the purse, refusing Rizzo's request to return the purse. Rizzo called to Lemm, at which point defendant drove away. Rizzo and Lemm followed defendant in Rizzo's car. When Rizzo and Lemm reached the edge of the Cumeo property, defendant shut a metal gate on Rizzo's car, damaging the front fender on the passenger side. Defendant also struck the roof and hood of the car with a baseball bat. Rizzo then left the scene to telephone the police while Lemm struggled with defendant. When she returned, Lemm had defendant pinned to the ground. Rizzo mistakenly informed Lemm that the police had arrived, and Lemm released defendant, who left the area in his car. Subsequently, the police arrived, and defendant returned to the scene. At this point Rizzo noticed that her keys were missing. They were discovered on defendant's person.

Lemm's testimony substantially corroborated Rizzo's account. Lemm also testified that after striking the car with the bat, defendant swung the bat at him. Lemm testified that he had seen defendant twice prior to July 20, 1988, and knew who he was when he first approached the car that evening. Lake County sheriff's deputy James Peters testified that he arrived at the scene and spoke with Lemm and Rizzo. When defendant arrived at the scene, Peters placed him under arrest. Peters recovered a set of keys from defendant and discovered a bat inside his car. Defendant did not testify, nor did he present any witnesses on his behalf.

During opening statement, the prosecutor made the following remark:

> "I would also ask that during the course of the trial that as the State's witnesses are telling you what happened to once in a while look over at the defendant's table where counsel is sitting right now and look at the defendant and engage any response that he might have."

Following defendant's objection, which was overruled, the prosecutor continued:

> "Ladies and gentlemen, I ask that you look over at the counsel table from time to time and observe the defendant and see if he has any reactions that you might see in reference to anything be-

cause it's perfectly within your means to observe him."

During closing argument, the prosecutor commented:

"He [defendant] took this bat and brought it down and smashed it down right on the car when there was somebody in the car. That's the kind of person that Mr. Foss is. The kind of person that you've had an opportunity to look at as he sits there.

And take a look at him. Take a good look at Mr. Foss, the odd ball. Everyone says—one of the witnesses says he is an odd ball. Is he an odd ball or did he know exactly what he was doing on that day?"

Defendant raises several contentions of a constitutional dimension regarding the impropriety of the prosecutor's comments to the jury regarding defendant's demeanor during the trial. He also contends that such remarks were improper because they were based on matters not in evidence. The State responds that no constitutional error occurred here and, even if it did, any error was harmless beyond a reasonable doubt.

We begin our analysis by properly characterizing the complained-of error in this case. While defendant suggests that the prosecutor "commented" on his demeanor, and relies on cases addressing the issue of prosecutorial commentary, the prosecutor here, rather than commenting on defendant's demeanor, invited the jury to consider defendant's demeanor when certain witnesses testified. Thus, the prosecutor did not point to any particular aspect of defendant's demeanor nor suggest to the jury how such demeanor should be interpreted.

Nevertheless, we cannot condone the prosecutor's conduct in this case. An opening statement is designed to advise the trier of fact what the *evidence* will show. (*People v. King* (1986), 109 Ill. 2d 514, 535, 488 N.E.2d 949.) In a criminal case, the opening statement should be an outline of the facts which the prosecution in good faith expects to prove. (*People v. Wills* (1987), 153 Ill. App. 3d 328, 342, 505 N.E.2d 754.) Error may occur when the prosecution asserts in the opening statement facts or propositions on which no evidence is later presented. (*King*, 109 Ill. 2d at 535, 488 N.E.2d at 960.) While it is improper, at least with foreknowledge, to include matters in an opening statement which are not thereafter proved, reversible error occurs only when such impropriety is attributable to the deliberate misconduct of the prosecution and results in substantial prejudice to the defendant. *Wills*, 153 Ill. App. 3d at 342, 505 N.E.2d at 763.

Because an opening statement is limited to discussion of the "evidence" in a particular case, we believe the prosecutor's opening statement that the jurors should look at defendant's reactions while sitting at counsel table during the witnesses' testimony was error. Evi-

dence includes all the means by which any alleged matter of fact is established or disproved. (*In re Application of County Treasurer & Ex Officio County Collector v. First National Bank* (1967), 87 Ill. App. 2d 133, 137, 230 N.E.2d 571.) It is further defined as any species of proof legally presented at trial through the "medium of witnesses, records, documents, exhibits, concrete objects, etc., for the purpose of inducing belief in the minds of the court or jury." (Black's Law Dictionary 498 (5th ed. 1979).) Defendant's demeanor, in any respect other than when he is testifying, does not constitute evidence in the case. (See *Good v. Texas* (Tex. Crim. App. 1986), 723 S.W.2d 734, 736.) It is equally obvious that defendant's demeanor as it relates to the testimony of any witness is not a matter of evidence. Consequently, the prosecutor's suggestion in the opening statement to the jurors to watch defendant's demeanor while sitting at counsel table, a matter which was never in evidence, was improper. Because of our disposition of this issue on this basis, we need not address defendant's constitutional arguments.

■ Although the prosecutor's invitation to the jury to consider defendant's demeanor in this respect was improper, we nevertheless find the error to be harmless as defendant was not prejudiced. First, we would emphasize that the prosecutor did not dwell on the issue of defendant's demeanor during closing arguments. While the prosecutor did comment on the jury's opportunity to look at defendant as he sat at the counsel table, when read in proper context, this comment appears to relate to the prosecutor's discussion of defendant's smashing the victim's car with a baseball bat while the victim was in the car and whether defendant was an "odd ball." Such a comment, while better left unsaid, did not cause prejudice to the defendant.

Furthermore, the evidence against defendant was overwhelming. Two witnesses identified defendant as the perpetrator. Keys of one of the victims, which were discovered missing at the scene, were found on defendant's person shortly after the crime. Additionally, a bat was found in defendant's car at the same time the keys were found. In light of the evidence connecting defendant to the crime, and the minimal reference to defendant's demeanor during the opening statement, the error here, even if of a constitutional magnitude, did not contribute to defendant's convictions and was harmless beyond a reasonable doubt.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.