490 So.2d 459 (1986)
STATE of Louisiana
v.
Wayne TAYLOR.
No. KA-4370.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*460 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for the State.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant.
Before SCHOTT and BYRNES, JJ., and PRESTON H. HUFFT, J. Pro Tem.
SCHOTT, Judge.
Defendant was charged with eleven counts of armed robbery and was tried on one. After a first trial ended in a mistrial defendant was tried a second time, convicted and sentenced to twenty years at hard labor.
A convenience store clerk was robbed at gun point on the night of December 14, 1982. Several months later two policemen were patrolling the same area in a unmarked car when they saw a vehicle ahead of them extinguish its lights and proceed a short distance before pulling over to the curb. They passed the car and noticed the driver fit the description of the person who had previously robbed the store. They took up a position where they could observe the suspect and saw him step out of the car, look in the direction of the convenience store, retrieve a pistol from the floor of the car, and conceal it in his waistband. At this point the officers arrested defendant for carrying a concealed weapon and read him his Miranda rights. They transported him to the district police station, again read him his Miranda rights, and turned him over to officer Granderson who was heading up the robbery investigation. Granderson gave him the Miranda warning and in due course defendant admitted robbing the store. He was later identified as the robber by the store clerk in a photographic lineup and a physical lineup.
A review of the record for errors patent discloses none.
In his sole assignment of error defendant argues the trial court erred in denying his motion to suppress his statements and admitting them into evidence. He maintains they were made after he expressed a desire to remain silent and in response to continued interrogation by Granderson and were taken in violation of the rules established in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
Granderson testified that after reading the Miranda rights to defendant he stated that he did not want to talk or make any statements. Granderson then "explained to him what [his] investigation was going to entail and then he made a statement..." This exchange took about five minutes, defendant would not give a written statement "but he would talk about the robbery," and he did not request an attorney.
In Miranda the court held that once warnings have been given to a suspect in a custodial setting and the suspect indicates that he wishes to remain silent the interrogation must cease. "Without the right to cut off questioning, the setting of in-custody interrogation operates on the individual to overcome free choice in producing a statement after the privilege has been invoked." *461 384 U.S. at 473-474, 86 S.Ct. at 1628. In Michigan v. Mosely, 423 U.S. 96, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975) the court held that the admissibility of statements obtained after the person in custody decided to remain silent depends on whether his right to end the interrogation has been "scrupulously honored"; but nothing in Miranda prevents an accused person from changing his mind and giving a statement after he has previously declined to do so as long as the statement is voluntary and intelligently made.
In State v. Daniel, 378 So.2d 1361 (La. 1979) the court observed:
The Mosley decision has been understood to mean that Miranda should not be construed to create a per se proscription of an indefinite duration upon further custodial interrogation of a defendant who asserts his right to remain silent. And an unrealistic approach to the concept of waiver of these rights can produce anomalous results; therefore, a pragmatic approach is dictated on a case-by-case basis: United States v. Rodriguez-Gastelum, 569 F.2d 482 (9th Cir. 1978)
In that case the court considered the situation where, after defendant was advised of his rights and was asked if he wished to talk, he responded with a "weak mild no." An assistant district attorney who was present at the station with several police told defendant, "Before you make up your mind one way or the other as to whether or not you want to talk to us, let me tell you what we've got." The assistant disclosed some details of the case against defendant, and he admitted committing the offense.
In the present case Granderson's investigation entailed a description of the robber by the convenience store clerk, the fact that defendant matched this description, and the prospect that the clerk would identify him from a line up. This information might provide defendant with a reason to reconsider his decision to make no statement to the police. The record shows that defendant understood his right to remain silent, that Granderson did not brow beat him, and that no undue pressure was applied. A few minutes after he declined to talk about the robberies defendant voluntarily and intelligently changed his mind and decided he would talk. In accordance with Mosely and Daniel his subsequent statements were not taken in violation of Miranda and were properly admitted into evidence.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
BYRNES, J., dissents.
BYRNES, Judge, dissenting.
Based on the circumstances of this case, I must disagree with the majority. The record reflects that once the defendant asserted his right to remain silent, the investigating officer continued his interrogation by telling the defendant "what (his) investigation was going to entail." However, the investigator's testimony fails to specify what he actually said to the defendant that convinced him to change his mind and waive his right to remain silent.
Once the defendant has asserted his right to remain silent, his right to end interrogation must be "scrupulously honored." Michigan v. Mosley, 423 U.S. 96, 96 S.Ct. 321, 326, 46 L.Ed.2d 313 (1975). In State v. Daniel, 378 So.2d 1361 (La.1979), the Louisiana Supreme Court held that an assistant D.A. could continue interrogation as long as he gave the defendant information which would aid him in making an informed and intelligent assessment of his interests. Id. at 1366. In that case, the A.D.A. told the defendant that he knew of two eyewitnesses to the crime who could identify the defendant.
However, in the present case, the investigator's testimony revealed nothing which would support the argument that the continuing interrogation was informative rather than coersive. Since it cannot be discerned from the record what was actually said to the defendant I am unwilling to hold that this case is analogous to Daniel or that the defendant's waiver of his Fifth *462 Amendment right to remain silent was voluntarily and intelligently made.
I therefore respectfully dissent.