United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-31158

---

Mitchell Hebert,

Petitioner-Appellant,

versus

Burl Cain, Warden, Louisiana State Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
02-CV-1271
--------------------

Before HIGGINBOTHAM, SMITH, and BENAVIDES, Circuit Judges.

FORTUNATO P. BENAVIDES, Circuit Judge: *

In this appeal, Mitchell Hebert challenges the district court's denial of his habeas corpus petition. For the reasons that follow, we affirm.

**I. Background**

Petitioner-Appellant Hebert and friend Shawn Gaspard brutally murdered Gerald Green, the manager of the Green Oaks

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Lounge in Lafayette, Louisiana. Police arrested Gaspard on October 2, 1992, and asked his apartment-mate, Hebert, if he would come to the police station for questioning. During the arrest, Gaspard's neighbor gave police a bag of clothes she said Gaspard gave to her.

Around 2:30 p.m., after he explained Hebert's Fifth Amendment rights and had him sign a consent form, Detective Kelly Gibson began questioning Hebert. Hebert began by providing an alibi, but "became visibly shaken and nervous" when asked about the bag of clothes. He responded by declaring, "I don't want to talk about it." Gibson asked him why he did not want to discuss the clothes and Hebert replied, "I just don't want to talk about it." Once again, Gibson questioned Hebert on his refusal by asking, "Why don't you want to talk about this?" And, again, Hebert repeated, "I don't want to talk about it." At this point, or shortly thereafter, Gibson took Hebert's shoes. Gibson left the interrogation room to brief Detective Ted Vincent on what Hebert had said. Vincent then began questioning Hebert. Hebert was once again apprised of his *Miranda* rights and did not tell Vincent at any time that he did not want to speak with him.

During questioning, Vincent "probably" mentioned that this was a capital case and cooperation would likely spare Hebert the death penalty if Gaspard did the actual killing. Vincent spoke with Hebert for almost three hours, including food and cigarette

breaks, before Hebert began to confess.  Around 7:00 p.m.,

Hebert's full confession was videotaped.

On April 21, 1997, a jury in state court found Hebert guilty

of first-degree murder.  *See State v. Hebert*, 716 So. 2d 63, 64

(La. Ct. App. 1998).  The court sentenced Hebert to life

imprisonment without parole.  *Id.*  Before trial, Hebert litigated

a number of pre-trial motions, including, *inter alia*, a motion to

suppress his confession.  *See id.* at 67-68.  The Court of Appeal

of Louisiana rejected Hebert's contention that his confession was

taken in violation of the Fifth Amendment.[1]  *See State v. Hebert*,

676 So. 2d 692, 700 (La. Ct. App. 1996).  After Hebert's

conviction, the state appellate court reviewed this finding and

concluded it was not in error.  *See Hebert*, 716 So. 2d at 68.  It

affirmed Hebert's conviction in June 1998.  *Id.* at 69.

In August 1999, Hebert filed an application for post-

conviction relief, arguing, *inter alia*, that his Fifth Amendment

rights had been violated.  Louisiana's 15th Judicial District

Court rejected Hebert's application.  Subsequent appeals to the

Court of Appeal and the Louisiana Supreme Court were also denied.

In June 2002, Hebert filed *pro se* habeas corpus petitions

under 28 U.S.C. § 2254 in the U.S. District Court for the Western

---

[1]The Fifth Amendment reads, in relevant part: "No person . .
. shall be compelled in any criminal case to be a witness against
himself."  U.S. CONST. amend. V.

3

District of Louisiana. He asserted once again, *inter alia*, that his confession was coerced. The district court denied the petition and Hebert filed an application for a certificate of appealability ("COA") with the district court on December 8, 2003. The application was denied. On March 30, 2003, this Court denied Hebert's application for a COA as to all claims except for the Fifth Amendment issue, for which this Court granted a COA.

## II. Standard of Review

"In reviewing a ruling on the merits of a habeas claim, the district court's findings of fact are reviewed for clear error; its conclusions of law, *de novo*." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, supplies the proper standards for reviewing the state court ruling. *See Jones v. Dretke*, 375 F.3d 352, 353-54 (5th Cir. 2004). As to legal issues, the statute provides that the habeas corpus petition should not be granted unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "The state court's application of the law must be 'unreasonable' in addition to being merely 'incorrect.'" *Caldwell v. Johnson*, 226 F.3d 367, 372 (5th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "Stated simply, a

4

federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409.

When dealing with factual issues, the habeas petition should not be granted unless the state court's "decision . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Patterson v. Dretke*, 370 F.3d 480, 484 (5th Cir. 2004). Therefore, "[t]o establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts . . . ,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776 (5th Cir. 2002). In addition, the petitioner must show that the mistaken factual determination constituted the basis for the state court's decision at issue. *See Wiggins v. Smith*, 539 U.S. 510, 551-52 (2003) (Scalia, J., dissenting).

**III. Discussion**

Hebert's Fifth Amendment claim is governed by the Supreme Court's interpretation of *Miranda v. Arizona*, 384 U.S. 436 (1966), in *Michigan v. Mosley*, 423 U.S. 96 (1975). The *Miranda* Court stated that if the person being interrogated "indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." 384 U.S. at 473-74. The *Mosley* Court developed the contours of this right, holding "that the admissibility of statements obtained after the person in custody has decided to remain silent depends under *Miranda* on whether his 'right to cut off questioning' was 'scrupulously honored.'" 423 U.S. at 104.

Rather than issuing a bright-line rule for determining when police were scrupulous in honoring suspects' rights, the Court examined a number of operative facts, all present in *Mosley*. *See id.* at 104-06. The Court indicated that it found four factors particularly probative: (1) whether police immediately ceased initial interrogation upon the suspect's request; (2) whether questioning was resumed after a "significant period of time," e.g., "an interval of more than two hours"; (3) whether a "fresh set of warnings" was provided; and (4) whether the topic of the second interrogation was a different crime. *See id.* at 105-06. We have read *Mosley* to include a fifth factor, implicit in the third, that "the suspect was advised prior to initial interrogation that he was under no obligation to answer

6

question[s]."[2] *United States v. Alvarado-Saldivar*, 62 F.3d 697, 699 (5th Cir. 1995).

It does not appear that any single factor is dispositive, though. *See, e.g.*, *Kelly v. Lynaugh*, 862 F.2d 1126, 1131 (5th Cir. 1988) (stating that "it is not decisive that the interrogations covered the same crime"). Rather, a case-by-case analysis of police conduct is required, *Wilcher v. Hargett*, 978 F.2d 872, 877 (5th Cir. 1992), although this can sometimes "produce opposite results in cases that are similar in some respects." *Charles v. Smith*, 894 F.2d 718, 726 (5th Cir. 1990).

## A. Unreasonable Determination of Facts

Bearing in mind the factual issues found probative by the *Mosley* Court, we examine the trial court's findings of fact to determine whether any constitute an "unreasonable determination . . . in light of the evidence." 28 U.S.C. § 2254(d)(2). Hebert argues that the state court unreasonably found facts that allowed it to conclude that "the second interrogation was initiated by Detective Vincent approximately one to one and one-half hours after defendant told Detective Gibson he did not want to talk

---

[2]As *Mosley* does not do so explicitly, different courts have enunciated different factors when reading the Court's opinion. *See, e.g.*, *Anderson v. Calderon*, 232 F.3d 1053, 1066 (9th Cir. 2000) (finding five factors, including "[a] different officer resumed the questioning"); *Evans v. Rogerson*, 77 F. Supp. 2d 1014, 1031 (S.D. Iowa 1999) (identifying nine factors cited by the *Mosley* Court); *People v. Fleming*, 431 N.E.2d 16, 18 (Ill. App. Ct. 1981) (noting only three factors as central to the *Mosley* analysis).

7

about the shopping bag full of new clothes." *State v. Hebert*, 676 So. 2d at 692, 699 (La. Ct. App. 1996). We agree that this is clearly in error. The record does not show such a significant time lapse between interrogations.

However, in order to grant a habeas petition on the grounds of an unreasonable factual determination, it must be shown that this error constituted the basis for the court's decision. 28 U.S.C. § 2254(d)(2) (requiring that the state court's decision was "*based on* an unreasonable determination of the facts" (emphasis added)). A reading of the Court of Appeal of Louisiana decision finding no *Miranda* violation shows that the court did not base its decision on its clearly erroneous factual conclusion. *See Hebert*, 676 So. 2d at 699-700.

When analyzing Hebert's *Mosley* claim, the court acknowledged that one of the "[o]ther" *Mosley* factors to be considered is "the time delay between the original request and subsequent interrogation." *Id.* at 699 (internal quotations omitted) (citing *State v. Brooks*, 505 So. 2d 714, 722 (La. 1987); *State v. Harper*, 430 So. 2d 627, 633 (La. 1983)). However, the court stressed that the central inquiry hinges "'on the totality of the circumstances involved under the particular facts of each case.'" *Id.* (citing *Brooks*, 505 So. 2d at 722). And, although the court stated in its recitation of the facts that "approximately one to one and one-half hours" passed between the two interrogations, at

8

no point did it indicate that this factor proved dispositive. *See id.* at 699. Indeed, the issue of time is never mentioned in the analytic portion of the *Mosley* discussion. *See id.* at 700. Further, the court relied on cases applying *Mosley* that did not feature significant time intervals between interrogations. *See id.* (discussing facts of *State v. Daniel*, 378 So. 2d 1361 (La. 1979), and *State v. Taylor*, 490 So. 2d 459 (La. Ct. App. 1986)).

When applying facts to law to find no violation of *Mosley*'s "scrupulously honoring" dictate, the state court focused on the voluntariness of the confession, the lack of "browbeating," and the reiterations of Hebert's *Miranda* rights:

> In the present case, it is apparent that Detective Vincent was not browbeating Hebert hoping to wear him down to get him to confess; instead, it appears that the detective first wanted to inform Hebert what evidence he had indicating that he and Gaspard may have been involved in the robbery and murder. Since Hebert was again informed of his *Miranda* rights, and the detective went over the rights form Hebert signed previously with Detective Gibson, Hebert's decision to change his mind and again waive his rights and speak with Detective Vincent was voluntary and intelligent and not the product of police misconduct.

*Hebert*, 676 So. 2d at 700. Clearly, the time interval between Hebert's refusal to talk and Vincent's subsequent interrogation was not considered as a significant factor by the state court when it performed its *Mosley* analysis. Therefore, the clearly erroneous finding of fact did not provide the basis for the court's decision. Accordingly, we deny Hebert's habeas petition

9

under 28 U.S.C. § 2254(d)(2).

### B. Unreasonable Application of Law

Hebert also asks us to grant the habeas petition under 28 U.S.C. § 2254(d)(1) because of an unreasonable application of law. We look at the state court's decision to see if it unreasonably applied *Mosley* to the facts of Hebert's case. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

The *Mosley* factors do not provide a clear outcome based on the facts of this case. The record does give us pause in that a reasonable court could have concluded that Hebert's rights were in fact violated. "However, 'an unreasonable application of federal law is different from an *incorrect* application of federal law.'" *Morrow v. Dretke*, 367 F.3d 309, 313 (5th Cir. 2004) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)) (emphasis in original). As the above review of the Louisiana opinion showed, the state court did consider the *Mosley* factors, apparently reasoning that the specific facts of this case, in particular the repeated *Miranda* warnings and patent lack of actual coercion, satisfied the Supreme Court's guidelines, regardless of the time interval. We are not persuaded that the state court's finding, based on an application of the holistic, case-by-case *Mosley* test, is objectively unreasonable. *See Williams*, 529 U.S. at 409. We thus deny Hebert's habeas petition under 28 U.S.C. § 2254(d)(1).

10

For the foregoing reasons, we AFFIRM the decision of the district court.